UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL SPAULDING,<br>*Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-28 |
| MERIDIAN SECURITY INSURANCE COMPANY,<br>*Defendant.* | § § § § | **JURY DEMANDED** |

# DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant Meridian Security Insurance Company ("Defendant" or "Meridian") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

## I. NATURE OF THE SUIT

This lawsuit arises from a claim made by Russell Spaulding ("Plaintiff") under a policy of insurance. Plaintiff filed this lawsuit alleging breach of contract and violations of Texas Insurance Code Chapters 541 and 542.

## II. PROCEDURAL BACKGROUND

1. On November 14, 2022, Plaintiff filed an Original Petition initiating an action against Meridian in the 268th Judicial District Court of Fort Bend County, Texas, bearing Cause No. 22-DCV-298727 ("the State Court Action"). *See* **Exhibit D.**

2. On December 15, 2022, Plaintiff served a summons and Petition on the registered agent for Meridian. *See* **Exhibit C.**

1

3. This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days after Defendant's receipt of service of process.

4. This Notice of Removal is also timely filed within one year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

### III. BASIS FOR REMOVAL

5. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. **Plaintiff is a Texas citizen**. Plaintiff states in his Original Petition that he is Texas resident and resides in Fort Bend County, Texas. *See* **Exhibit D** at 1.

7. For diversity purposes, an individual is a citizen of the state in which they are domiciled with intent to remain. *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383 (1904); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). Bare allegation of residency does not satisfy the requirements of an allegation of citizenship. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam). Factors considered by courts when evaluating the domicile of a party are: "current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several others." *Bain Consulting, LLC v. Gillman*, 3:12-CV-4483-B, 2013 WL 12126275, at *1 (N.D. Tex. May 14, 2013). A change of domicile may be effectuated only by a combination of two

elements, (a) taking up residence in a different domicile with (b) the intention to remain there. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

8. Plaintiff has pled that he owns a residence and resides in Texas, and Defendant is not aware of any attempts by Plaintiff to take up residency elsewhere. Further, based upon the information and belief of Defendant, and according to the evaluating factors, Plaintiff possesses the intent to remain in Texas. Upon information and belief, Plaintiff purchased a permanent residence in Fort Bend County, Texas in 2011 with the intent for the residence to serve as his principal residence, and he claims a homestead exemption on the property. Further, upon information and belief, Plaintiff's place of employment is in Texas. While some factors such as voting carry more weight than others, the factors present here are clear affirmations of Plaintiff's residency in Texas and his intent to remain in Texas. *See id.*; *see also Griffin v. Matthews*, 310 F. Supp. (M.D.N.C. 1969), *affm'd per curiam* 423 F.2d 272 (4th Cir. 1970); *Knapp v. State Farm Ins.*, 584 F. Supp. 905, 906 (E.D. La. 1984). Therefore, Plaintiff is a citizen of Texas for the purpose of determining diversity jurisdiction.

9. **Defendant is not a Texas citizen.** Meridian Security Insurance Company is an Indiana corporation. Its principal place of business is also Indiana. For the purposes of establishing diversity, an incorporated entity is considered a citizen of the state of incorporation and citizen of the state in which it maintains its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Thus, Defendant is not a citizen of Texas for the purposes of diversity jurisdiction, and complete diversity of citizenship exists between Plaintiff and Meridian.

10. **The amount in controversy exceeds $75,000.** The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy

3

exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

11.  Here, Plaintiff's Original Petition states he is seeking "monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs." See **Exhibit D** at 2. Plaintiff has also pleaded Defendant breached the policy/contract at issue and violated §§ 541.060, et seq., Chapter 541 of the Texas Insurance Code, and therefore seeks recovery of "exemplary and/or treble damages," *see* **Exhibit D** at 4, and prays for "all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Spaulding be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which he may show himself to be justly entitled." **Exhibit D** at 5.

12.  Under § 541.152(b) of the Texas Insurance Code, "on a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages…." TEX. INS. CODE ANN.

§ 541.152. Plaintiff has pled that Defendant's acts were done "knowingly," as that term is used in the Texas Insurance Code. **Exhibit D** at 4.

13. Therefore, the petition on its face, which asserts claims under statutes that provide for treble damages and attorneys' fees, if their allegations are proven, demonstrates an amount in controversy which exceeds the minimum amount to invoke this Court's jurisdiction. Because the amount in controversy facially exceeds $75,000, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332, and this removal is proper.

14. In addition to the foregoing, Plaintiff's own demand letter implicates an amount in controversy that exceeds $75,000.00. *See* **Exhibit F**. "Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden." *Armendariz v. Allstate Texas Lloyd's*, 2016 WL 6915279 (W.D. Tex. Nov. 23, 2016) (citing *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (*per curium*)); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998). Plaintiff's letter dated August 23, 2022, contains her pre-suit demand for $27,500.00 in actual damages, including a statement that "damages ultimately sought at trial will be well in excess of the damages that have been identified to date," and it also demands a payment for $6,800.00 in attorneys' fees that "will increase as [her] attorneys spend time on this file." **Exhibit F** at 3–4. Importantly, this demand does not consider Plaintiff's pleadings for additional damages, including exemplary and/or treble damages, which would equal at least $82,500.00, not including attorneys' fees. *See* **Exhibit D** at 4. Therefore, Defendant has satisfied the amount in controversy requirement, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332, and removal is proper.

15. Removal to the Southern District of Texas, Houston Division, is proper because the state court action is pending in Fort Bend County, which is part of the Southern District and Houston Division.

16. In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, Defendant has filed the following with this Notice of Removal: (1) an index of matters being filed; (2) all executed process in the case; (3) pleadings asserting causes of action; (4) the docket sheet; (5) a list of all counsel of record, including addresses, telephone numbers and parties represented; and (6) Plaintiff's pre-suit demand letter. *See attached* **Exhibits A-F**. Defendant will separately file any Corporate Disclosure which may be required in compliance with Fed. R. Civ. P. 7.1 .

17. In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV. CONCLUSION AND PRAYER

18. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332 because (1) Plaintiff is a citizen of Texas, (2) Defendant is not a citizen of Texas and (3) the amount in controversy, based on Plaintiff's pleadings, facially exceeds $75,000, exclusive of interest and costs. As such, this removal is proper under 28 U.S.C. §1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

19. Defendant demands a jury in this removed action.

20. THEREFORE, Defendant Meridian Security Insurance Company respectfully requests that the above-entitled action be removed from the 268th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

By: /s/ Michael W. McCoy
    **Michael W. McCoy**
    State Bar No.: 13471850
    E-Mail: mccoy@mdjwlaw.com

MARTIN, DISIERE, JEFFERSON & WISDOM, LLP
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEYS FOR DEFENDANT,
MERIDIAN SECURITY INSURANCE
COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served this 5th day of January 2023 to the following counsel of record by *Electronic Filing*:

| | |
|---|---|
| Maria Gerguis | **Via ECF/Email:** mgerguis@dalyblack.com |
| Richard D. Daly | **Via ECF/Email:** rdaly@dalyblack.com |
| DALY & BLACK, P.C. | |
| 2211 Norfolk St., Suite 800 | |
| Houston, Texas 77098 | |
| *Attorneys for Plaintiff* | |

                                            /s/ Michael W. McCoy
                                            Michael W. McCoy